J-S11016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE SUCCESSOR IN INTEREST TO BANK OF AMERICA NATIONAL ASSOCIATION AS TRUSTEE SUCCESSOR TO MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-4 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACQUELINE BLOUNT AND/OR OCCUPANTS | |
| APPEAL OF JACQUELINE BLOUNT | No. 2056 EDA 2017 |

Appeal from the Order May 23, 2017
In the Court of Common Pleas of Monroe County
Civil Division at No: 735 CV 2017

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

JUDGMENT ORDER BY STABILE, J.:                    **FILED JUNE 05, 2018**

Appellant, Jacqueline Blount, appeals from an order granting the motion for summary judgment of Appellee, U.S. Bank National Association, in this action for ejectment.  We remand for further proceedings to correct a defect in the trial court's order dated May 23, 2017.

In January 2004, Appellant and her husband, now deceased, entered into a mortgage with BNC Mortgage, Inc. relating to real property owned by the Blounts at 198 Scenic Drive, Blakeslee, Pennsylvania ("the Property").  The

mortgage was eventually assigned to Appellee, which commenced a mortgage foreclosure action against Appellant in early 2014 and obtained a default judgment against Appellant in mid-2014. Appellant filed a petition to open judgment, which the trial court denied on July 21, 2015. Appellee purchased the Property at sheriff's sale on September 23, 2015 and recorded the sheriff's deed on October 23, 2015.

On February 2, 2017, Appellee filed a complaint in ejectment, the action that presently is before us for review. On February 21, 2017, Appellant filed an answer to the ejectment complaint with counterclaims against Appellee alleging, *inter alia*, violations of the Due Process Clause of the Fifth Amendment and the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692—1692p. On March 11, 2017, Appellee filed a reply to Appellant's counterclaims.

On April 18, 2017, Appellee filed a motion for summary judgment on its ejectment action. Appellee argued that Appellant's counterclaims were barred by res judicata due to Appellant's failure to raise them in the underlying foreclosure action. On May 23, 2017, the trial court entered an order granting Appellee's motion for summary judgment and entering summary judgment in ejectment in favor of Appellee and against Appellant. The order, however, did not expressly resolve Appellant's counterclaims.

On June 19, 2017, Appellant appealed to this Court. On August 9, 2017, the trial court filed a Pa.R.A.P. 1925 statement concluding that Appellant's

counterclaims belonged in the underlying foreclosure action and could not be raised in the present ejectment action.

Although it appears from this history that the trial court intended its summary judgment order to resolve Appellee's ejectment claim and Appellant's counterclaims, the order did not expressly dispose of Appellant's counterclaims.  Thus, in its present form, the order is not a "final order."  **See** Pa.R.A.P. 341(b)(1) ("final order" is order which "disposes of **all claims** and all parties") (emphasis added).

To correct this technical defect, we remand this case to the trial court for entry of an order within fifteen days that expressly disposes of Appellee's claims and Appellant's counterclaims.  Following entry of this order, we will treat Appellant's appeal as filed in accordance with Pa.R.A.P. 905(a)(5).  **See id.** ("[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof").

Case remanded for proceedings consistent with this order.  Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/18

- 3 -